UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DOUGLAS CORNELL JACKSON,

           Plaintiff,              Case No. 1:21-cv-1030

v.                                         Honorable Ray Kent

UNKNOWN NOVAK et al.,

           Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The action originally was filed in the Eastern District of Michigan but was transferred to this Court on venue grounds. (ECF No. 3.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.)

Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 2.) Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id*.

dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes

rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Jackson v. Berean*, No. 1:18-cv-1075 (W.D. Mich. Mar. 19, 2019); *Jackson v. Bouchard*, No. 2:16-cv-246 (W.D. Mich. Dec. 21, 2016); *Jackson v. Evans*, No. 2:11-cv-13524 (E.D. Mich. Aug. 31, 2011). Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule at least eight times. *See Jackson v. Hoffman*, No. 2:21-cv-175 (W.D. Mich. Sept. 2, 2021); *Jackson v. Miller*, No. 2:21-cv-162 (W.D. Mich. Aug. 12, 2021); *Jackson v. Dove*, No. 2:21-cv-53 (W.D. Mich. Mar. 29, 2021); *Jackson v. Kemp*, No. 2:21-cv-33 (W.D. Mich. Mar. 3, 2021); *Jackson v. McKee*, No. 2:21-cv-23 (W.D. Mich. Mar. 1, 2021); *Jackson v. Pynnonen*, No. 2:21-cv-26 (W.D. Mich. Feb. 17, 2021); *Jackson v. Taskila*, No. 2:20-cv-38 (W.D. Mich. Apr. 8, 2020); *Jackson v. Berean*, No. 1:19-cv-380 (W.D. Mich. Sept. 27, 2019).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v.*

> *Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

The gravamen of Plaintiff's complaint involves allegations that Defendants Novak and Simon have violated his right to access the courts by impeding his ability to litigate his *habeas corpus* action pending in the Eastern District of Michigan. (ECF No. 1.) He maintains that their actions have caused him to suffer stress and "excruciating" headaches, as well as a rise in blood pressure. (*Id.*, PageID.13.) Plaintiff avers that such symptoms put him "at risk of a future heart attack and/or stroke." (*Id.*) He alleges that Defendants' actions have also caused him to suffer shortness of breath, insomnia, and fatigue. (*Id.*, PageID.16.) Plaintiff asserts that Defendants' interference with his physical liberty results in a "present existing continuing imminent danger of a serious physical injury" because he is suffering the ailments noted above. (*Id.*, PageID.20–21.)

Plaintiff's allegations that he is at risk of suffering a stroke or heart attack if Defendants continue to interfere with his access to the courts are conclusory and speculative. Moreover, if stress resulting from alleged constitutional violations were sufficient to satisfy the

imminent danger requirement, the requirement would be rendered meaningless. Such a reading of the statute would be inconsistent with the general rule of statutory construction, which requires that exceptions to a rule be read narrowly, so as not to undermine the general rule. *See Comm'r of Internal Revenue v. Clark,* 489 U.S. 726, 739 (1989) ("In construing provisions . . . in which a general statement of policy is qualified by an exception, we usually read the exception narrowly in order to preserve the primary operation of the provision."); 2A Norman J. Singer, *Statutes and Statutory Construction*, § 47.11 at 246–47 (6th ed. 2000) ("[W]here a general provision in a statute has certain limited exceptions, all doubts should be resolved in favor of the general provision rather than exceptions."). Exceptions must not be interpreted so broadly as to swallow the rule. *See Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 530 (2009) (rejecting an interpretation of a statutory exception that "would swallow the rule").

Plaintiff is not the first prisoner to offer a conclusory and speculative claim of stress-induced health consequences in an attempt to establish that he is in imminent danger of serious physical injury. For example, in *Warren v. Ellis Cnty., Tex.*, 519 F. App'x 319 (5th Cir. 2013), prisoner Warren argued that he was "under constant stress resulting from the denial of his constitutional rights, subjecting him to a potential risk of, among other things, hypertension, heart and immune system problems, fatigue, depression, and weight gain, all of which could shorten his life expectancy." *Id*. at 320. The Fifth Circuit Court of Appeals concluded that "the possibility of future medical problems resulting from stress [did] not show that [Warren] faced an imminent danger of serious physical injury at the relevant time." *Id*. Similarly, in *Burghart v. Corrections Corp. of America*, 350 F. App'x 278 (10th Cir. 2009), prisoner Burghart claimed that he suffered "'constant stress' due to the denial of his constitutional rights and that he 'has and could suffer' migraines, 'cardiovascular [problems],' hypertension, fatigue and depression, a 'suppressed

immune system,' memory loss, psoriasis, weight gain, sleep disorders, and a shortened life expectancy." *Id*. at 280. The Tenth Circuit Court of Appeals found the allegations conclusory and Burghart's attempt to link the injuries to the claimed constitutional right violations "not credible." *Id*. Likewise, in *Sutton v. District Attorney's Office of Gwinnet Superior Ct., Georgia*, 334 F. App'x 278 (11th Cir. 2009), prisoner Sutton claimed that his unconstitutional confinement "'endangered his physical health' by 'causing him stress, anxiety, depression, and further his life [was] deteriorating . . . inside [the] prison for no reason at all.'" *Id*. at 279. The Eleventh Circuit Court of Appeals found that "these types of general assertions, even construed liberally, [were] 'insufficient to invoke the exception to § 1915(g) . . . .'" *Id*. This Court also finds that such general assertions of health consequences—which purportedly flow from stress which is purportedly caused by a constitutional violation—to be too conclusory and speculative to establish imminent danger of serious physical injury sufficient to except this case from the three-strike bar.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:  January 11, 2022                            /s/ Ray Kent
                                                    Ray Kent
                                                    United States Magistrate Judge

**<u>SEND REMITTANCES TO THE FOLLOWING ADDRESS</u>**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**